| | |
|---|---|
| Daniel K. Hogan (DE #2814) | Sander L. Esserman (TX Bar No. 06671500) |
| THE HOGAN FIRM | David A. Klingler (TX Bar No. 11574300) |
| 1311 Delaware Avenue | STUTZMAN, BROMBERG, ESSERMAN |
| Wilmington, Delaware 19806 | & PLIFKA, A Professional Corporation |
| Telephone: 302-656-7540 | 2323 Bryan Street, Suite 2200 |
| Facsimile: 302-656-7599 | Dallas, Texas 75201 |
| | Telephone : (214) 969-4900 |
| | Facsimile: (214) 969-4999 |

**COUNSEL FOR APPELLEES**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTURY INDEMNITY CO., as successor To CCI Insurance Co. as successor to Insurance Co. of North America and Central National Insurance Co., Appellant, <br><br> v. <br><br> BARON & BUDD, P.C., and SILBER PEARLMAN LLP, Appellees. | Civil Action <br><br> Docket No.: 04-CV-1467 <br><br> Judge: John P. Fullam |
| IN RE: <br><br>   OWENS CORNING, et al. <br><br>                              Debtors. | Chapter 11 <br><br> Case Nos. 00-3837 – 3854 (JKF) <br> (Jointly Administered) |

Dated: August 3, 2005

**CITATION OF SUBSEQUENT AUTHORITY PURSUANT TO LOCAL RULE
7.1.2(c) BY APPELLEES BARON & BUDD, P.C., AND SILBER PEARLMAN LLP**

The law firms of Baron & Budd, P.C. and Silber Pearlman LLP (collectively, "Appellees") file this citation of subsequent authority pursuant to Local Rule 7.1.2.(c) to apprise this Court of Judge Joseph J. Farnan, Jr.'s recent decision affirming two orders substantively identical to the order at issue in this appeal in *Certain Underwriters at Lloyd's, London v. Future Asbestos Claim Representative (In re Kaiser Aluminum Corp.)*, --- B.R. ---, 2005 WL 1799189 (D. Del., July 28, 2005).[1]  A copy of the *Kaiser* opinion is attached hereto for the Court's convenient reference, and may inform the Court's consideration of the appeal *sub judice*.

The *Kaiser* decision rests on two alternative grounds.  First, Judge Farnan dismissed the consolidated appeals, ruling that the appellant insurers had failed to show that they possessed the requisite standing to maintain their appeals. *Kaiser* at pp. 4-6.  Judge Farnan duly noted that "the Rule 2019 orders would have no effect on the appellant insurers unless (1) a plan of reorganization is first conceived, approved by creditors and confirmed, and (2) payment is sought from the Appellants under the respective insurance policies." *Kaiser* at p. 5.  Considered in this light, any impact that the Rule 2019 Orders had on the insurers in *Kaiser* and *Flintkote* was "contingent and speculative." *Id.*

Judge Farnan's decision in *Kaiser* rests on more than the appellants' lack of standing, however.  *Even if* the insurers *had* possessed standing, Judge Farnan stated that he would have affirmed the 2019 Orders, and concluded that the bankruptcy court legitimately exercised its discretion in shaping the contours of Rule 2019 compliance to fit the needs of a mass tort

---

[1] The United States Bankruptcy Court for the District of Delaware, Honorable Judith K. Fitzgerald, issued identical "Revised Order[s] Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019" on October 22, 2004, in a number of the mass tort reorganization cases then pending before her in this District and in the District of Western Pennsylvania.  A number of these "2019 Orders" were appealed.  Judge Farnan's recent decision dismissed consolidated appeals of the 2019 Orders issued in *In re Kaiser Aluminum* and *In re Flintkote Co.* and alternatively affirmed the 2019 Orders in those cases.

asbestos case.  *Kaiser* at pp. 6-9.  Judge Farnan stated that "the [2019 Orders] comport with the requirements of Rule 2019, while taking into consideration the complexities of mass tort litigation."  *Kaiser* at p. 7.

The sole complaint of the appellant in the present appeal, Century Indemnity Co., is that, under the 2019 Order, it (and the public at large) would not be afforded immediate access to the exhibits accompanying various "2019 Statements" filed pursuant to the 2019 Order.[2]  Judge Farnan rejected this same complaint in *Kaiser*:

> In the Court's view, Judge Fitzgerald's Rule 2019 Orders strike the appropriate balance between maintaining the public's right to access the Rule 2019 information and ensuring that the information is not misused.  Accordingly, the Court concludes that the Bankruptcy Court did not err in declining to post the Rule 2019 information on the electronic docket and in permitting access to that information by motion of the parties and order of the Court.

*Kaiser* at 9.

Appellees respectfully express the view that Judge Farnan's decision in *Kaiser* is soundly reasoned and correct.

---

[2] Appellees have previously noted that Appellant Century Indemnity Co., has already obtained access to the so-called 2019 exhibits pursuant to a mechanism in the 2019 Order itself.  *See* Motion to Dismiss Bankruptcy Appeal as Moot by Appellees Baron & Budd, P.C., and Silber Pearlman LLP with supporting memorandum, D.I. 17 & 18.

Dated: August 3, 2005
Wilmington, Delaware

    /s/ Daniel K. Hogan
Daniel K. Hogan (DE #2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302-656-7540
Facsimile: 302-656-7599

*and*

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A Professional Corporation**
Sander L. Esserman (TX Bar No. 06671500)
David A. Klingler (TX Bar No. 11574300)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone : (214) 969-4900
Facsimile: (214) 969-4999