IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**In re**

**Owens Corning et al**

    Debtor

_____

| | | |
|---|---|---|
| Century Indemnity, | : | |
| | : | |
| Appellant, | : | Civil Action No. 04-1467 JFF |
| | : | |
| v. | : | |
| | : | |
| Owens-Corning, et al., | : | |
| | : | |
| Appellee. | : | Bankruptcy Case 00-3837 |
| | : | **Regarding Docket Item 23** |

REPLY OF CENTURY INDEMNITY
COMPANY TO CITATION OF SUBSEQUENT
AUTHORITY PURSUANT TO LOCAL RULE 7.2.1 (c)
BY APPELLEES BARON & BUDD, P.C. AND SILBER PEARLMAN, LLP

                      WHITE AND WILLIAMS LLP
                      Christian J. Singewald (No. 3542)
                      Linda M. Carmichael (No. 3570)
                      Marc Casarino (No. 3613)
                      824 N. Market Street, Suite 902
                      Wilmington, DE 19899-0709
                      Phone: 302-467-4502
                      Facsimile: 302-467-4552

                      –and–

                      WHITE AND WILLIAMS LLP
                      Richard M. Shusterman, Esquire
                      (Member of Pennsylvania Bar)
                      Joseph G. Gibbons, Esquire
                      (Member of Pennsylvania Bar)
                      1800 One Liberty Place
                      1650 Market Street
                      Philadelphia, PA 19103
                      Phone: 215-864-7000
                      Facsimile: 215-864-7123

                      *Attorneys for Century Indemnity Company,*
                      *as successor to CCI Insurance Company, as*
                      *successor to Insurance Company of North*
                      *America and Central National Insurance*
                      *Company*

Appellant, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, White and Williams LLP, respectfully submits this reply to the Citation to Subsequent Authority Pursuant to Local Rule 7.2.1(c) by Appellees, Baron & Budd, P.C. and Silber Pearlman LLP (the "Supplemental Citation"). The Supplemental Citation has no bearing on this Appeal because (i) the district court ruling cited by Appellees in the Supplemental Citation is not binding on this Court and does not constitute "subsequent authority"; (ii) the time for filing an appeal from the ruling in the cited case has not yet expired and, as a result, the ruling is not a final Order; and (iii) the facts before this Court and the legal status of the parties to this appeal differ from status of the parties in and the facts of the case cited in the Supplemental Citation.

**REPLY**

Citing the July 28, 2005 Opinion of Judge Farnan in *Certain Underwriters at Lloyd's, London, et al. v. Future Asbestos Claim Representative, et al. (In re Kaiser Aluminum Corp)*, __ B.R. __, 2005 WL 1799189 (D. Del., July 28, 2005), Appellees urge this Court to follow Judge Farnan's holding in that case, which Appellees describe as "soundly reasoned and correct." *See* Supplemental Citation at p. 3. Contrary to Appellees' assertions, however, the *Kaiser* decision is neither binding on this Court nor informative on the issues before this Court.

In *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366 (3rd Cir. 1991), the U.S. Court of Appeals for the Third Circuit held that the doctrine of *stare decisis* does not compel a district court judge to follow the decision of another judge in the same district, even where the facts of the case before the second court are, "for all practical purposes", the same as those that were before the court in the prior case. In its opinion, the *Threadgill* Court stated that there is no such thing as the "law of the district". *See Threadgill,* 928 F.3d at 1371 (collecting

cases from other circuits).  Accordingly, the opinion of District Judge Farnan in *Kaiser* has no precedential value in this case.

Even if there did exist a "law of the district", the ruling of the Court in the *Kaiser* case would not be controlling in this case because that order is not yet a final order.  The *Kaiser* opinion and order were entered in that case on July 28, 2005.  That decision has not yet become a final order because, according to the Federal Rules of Appellant Procedure, any party aggrieved by that decision has thirty (30) days from the entry of that order in which to take an appeal.  Fed.R.App.P. 4(a)(1)(A).  Unless and until the time to take an appeal expires, without an appeal being filed, Judge Farnan's July 28, 2005 order is not a final order.  *See Axel Johnson, Inc. v. Arthur Anderson & Co.*, 6 F.3d 78 (2nd Cir. 1993) (because court clerk closed case without docketing judgment, ruling was not final and, therefore, still subject to reconsideration more than 30 days after docketing of memorandum opinion).  Accordingly, in the absence of an appeal, Judge Farnan's July 28, 2005 order would not become final until August 29, 2005.  In the event any party takes an appeal in that case, the July 28, 2005 Order will not become a final order until final disposition of the appeal.

Finally as set forth more fully in Century's Reply Brief in Further Support of its Appeal from the Bankruptcy Court's 2019 Order (the "Reply Brief"), which is incorporated herein by reference, the facts of this case are distinguishable from the facts before the bankruptcy court and district court in *Kaiser*.  As set forth more fully in the Reply Brief, unlike the appellant in *Kaiser*, in this case, Century is a creditor with a general unsecured claim whose rights have been prejudiced by the Bankruptcy Court's 2019 Order because, *inter alia*, it is subject to continuing restrictions on its use of materials obtained pursuant to the Bankruptcy Court's 2019 Order.  *See* Reply Brief  at pp. 4-13.  As a result, unlike appellants in the *Kaiser* case, Century has standing

to challenge the Bankruptcy Court's 2019 Order. Because the facts of this case are distinguishable from the facts before the bankruptcy court and district court in *Kaiser*, the opinion of Judge Farnan in that case should not, as Appellees suggest, "inform the Court's consideration of the Appeal *sub judice*."

## CONCLUSION

For the reasons set forth above and in Century's Brief and Reply Brief, both of which are incorporated herein by reference, the Bankruptcy Court's 2019 Order must be reversed and this case remanded to the Bankruptcy Court for further proceedings.

WHITE AND WILLIAMS LLP

By: */s/ Marc S. Casarino*
Christian J. Singewald (No. 3542)
Linda M. Carmichael (No. 3570)
Marc Casarino (No. 3613)
824 N. Market Street, Suite 902
Wilmington, DE 19899-0709
Phone: 302-467-4502
Facsimile: 302-467-4552

–and–

WHITE AND WILLIAMS LLP
Richard M. Shusterman, Esquire
(Member of Pennsylvania Bar)
Joseph G. Gibbons, Esquire
(Member of Pennsylvania Bar)
1800 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: 215-864-7000
Facsimile: 215-864-7123

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Central National Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**In re**

**Owens Corning et al**

    Debtor

---

| | | |
|---|---|---|
| Century Indemnity, | : | |
| | : | |
| Appellant, | : | Civil Action No.  04-1467 JFF |
| | : | |
| v. | : | |
| | : | |
| Owens-Corning, et al., | : | |
| | : | |
| Appellee. | : | Bankruptcy Case 00-3837 |
| | : | |

## CERTIFICATE OF SERVICE

I, Marc S. Casarino, Esquire, do hereby certify that a true and correct copy of the foregoing ***Reply of Century Indemnity Company to Citation of Subsequent Authority Pursuant to Local Rule 7.2.1.(c) By Appellees Baron & Budd, P.C. and Silber Pearlman, LLP***  to be made on August 17, 2005 to the following parties via electronic filing and first class U.S. Mail:

Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmaington, DE 19806

Norman L. Pernick, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P. O. Box 1266
Wilmington, DE 19899

Frank J. Perch, III
Office of the U.S. Trustee
844 King Street, Suite 2313
Wilmington, DE 19801

                                            */s/ Marc S. Casarino*
                                            Marc S. Casarino (#3613)