## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**In re**

**Owens Corning,** *et al.*

       Debtors

---

Century Indemnity Company,:

|  |  |  |
|---|---|---|
| | : | |
| Appellant, | : | Civil Action No.  04-1467 JFF |
| v. | : | |
| | : | |
| Owens-Corning, *et al.*, | : | |
| | : | |
| Appellees. | : | Bankruptcy Case 00-3837 |
| | : | **Regarding Docket Item 28** |

### REPLY OF CENTURY INDEMNITY
### COMPANY TO CITATION OF ADDITIONAL
### SUBSEQUENT AUTHORITY PURSUANT TO LOCAL RULE 7.2.1 (c)
### BY APPELLEES BARON & BUDD, P.C.  AND SILBER PEARLMAN, LLP

WHITE AND WILLIAMS LLP
Christian J.  Singewald (No.  3542)
Linda M.  Carmichael (No.  3570)
Marc Casarino (No.  3613)
824 N.  Market Street, Suite 902
Wilmington, DE 19899-0709
Phone:      302-467-4502
Facsimile: 302-467-4552

–and–

WHITE AND WILLIAMS LLP
Richard M.  Shusterman, Esquire
(Member of Pennsylvania Bar)
Joseph G.  Gibbons, Esquire
(Member of Pennsylvania Bar)
1800 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: 215-864-7000
Facsimile: 215-864-7123

*Attorneys for Century Indemnity Company,*
*as successor to CCI Insurance Company, as*
*successor to Insurance Company of North*
*America and Central National Insurance*
*Company*

Appellant, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by its attorneys, White and Williams LLP, respectfully submits this reply to the Citation of Additional Subsequent Authority Pursuant to Local Rule 7.2.1(c) by Appellees, Baron & Budd, P.C. and Silber Pearlman LLP (the "Additional Supplemental Citation").  The Additional Supplemental Citation has no bearing on this appeal because (i) the ruling of the U.S. District Court for the Western District of Pennsylvania that is cited by Appellees in the Additional Supplemental Citation is not binding on this Court and does not constitute "subsequent authority"; (ii) the facts before this Court and the legal status of the parties to this appeal differ from those in the case cited in the Additional Supplemental Citation; and (iii) the "subsequent authority" cited by Appellees is inconsistent with recent holdings by the U.S. Court of Appeals for the Third Circuit.

## REPLY

Citing the September 27, 2005 Memorandum Opinion of District Judge Conti in *Certain Underwriters at Lloyd's, London, et al.  v. Pittsburgh Corning Corp., et al. (In re Pittsburgh Corning Corp., et al.)*, __ B.R. __, 2005 WL _____ (W.D. Pa., September 27, 2005),[1] Appellees urge this Court to dismiss this Appeal.  However, like the "subsequent authority" previously cited by Appellees, the ruling in *Pittsburgh Corning* does not require the dismissal of this appeal.  The *Pittsburgh Corning* decision is neither binding on this Court nor informative on the issues before this Court.

The facts of this case, as detailed more fully in Century's Reply Brief in Further Support of its Appeal from the Bankruptcy Court's 2019 Order (the "Reply Brief"), which is incorporated

---

[1]     As of October 20, 2005, undersigned counsel were unable to locate this memorandum opinion on the West Law database.

DOCS_DE 117544v.1

herein by reference, are significantly different than the facts before the court in *Pittsburgh Corning*. As set forth more fully in the Reply Brief, unlike the appellant in *Pittsburgh Corning*, Century is a creditor with a general unsecured claim that (a) filed a proof of claim; and (b) availed itself of the mechanism for obtaining copies of the 2019 exhibits pursuant to the Court's Rule 2019 Order in this case. However, its rights have been prejudiced by the Bankruptcy Court's 2019 Order because, *inter alia*, the Appellees were not required to file copies of signed retention agreements and powers of attorney and Century is subject to continuing restrictions on its use of materials obtained pursuant to the Bankruptcy Court's 2019 Order. *See* Reply Brief at pp. 4-13. As a result, even under the holding in *Pittsburgh Corning*, Century has standing to challenge the Bankruptcy Court's 2019 Order in this case. The Bankruptcy Court in this case recognized that Century's dual role as an insurer and a creditor distinguishes it from other insurers and establishes Century's standing to participate fully in all proceedings related to estimation and confirmation. Because the status of the parties and the facts of this case are distinguishable from the status of the parties and the facts before the court in *Pittsburgh Corning*, Century has standing to bring this appeal even if the holding in *Pittsburgh Corning* were binding on this Court (which it is not).

Moreover, the U.S. District Court for the District of New Jersey in *Baron and Budd PC v. Unsecured Asbestos Claimants Committee (In re Congoleum Corporation)* 321 B.R. 147 (D.C. N.J. 2005), relying upon a recent decision of the Third Circuit Court of Appeals, affirmed a bankruptcy court order requiring the very disclosures sought by Century in this case. In the *Congoleum* case, a group of insurers filed motions seeking to compel all counsel who represented multiple asbestos claimants to comply with Bankruptcy Rule 2019. Citing, *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2005), Judge Ferguson held that, so long as

the proposed plan of reorganization was not insurance neutral, the insurers had standing to object

to the plan and seek compliance with Rule 2019 because the information sought through the

motion to compel related to the "overall fairness of the plan." *In re Congoleum*, 321 B.R. at 160.

On appeal, the District Court of New Jersey affirmed the Bankruptcy Court's decision stating:

> In this case, it is clear that insurers had constitutional standing to
> bring the Rule 2019 Motion. They alleged an injury in fact: it is
> the unfairness of a plan which binds them contractually and which
> directly impacts their financial interest, unfairness which is
> traceable to conflicts of interest among creditors counsel, allegedly
> arising from fee sharing and co-counsel relationships and their
> bearing on the plan's classification system. The alleged injury is
> addressable by the Bankruptcy Court through a favorable decision,
> such as amendment of the plan or denial of confirmation, which
> would be made possible after review of the Rule 2019 disclosure
> sought.

*In re Congoleum*, 321 B.R. at 161.

Turning to the merits of the appeal and assertions by asbestos claimants' counsel that

requiring counsel to file copies of ***actual signed retention agreements and powers of attorney***

went beyond the scope of disclosures contemplated by Rule 2019, the District Court stated:

> The Third Circuit has read similar rules broadly in cases such as
> this one, where the entire solicitation and voting process was
> conducted through a small group of law firms who collectively
> represent hundreds of thousands of individual claimants." *See
> Combustion Engineering*, 391 F.3d at 245 N. 66 ("where the
> voting process is managed almost entirely by proxy, it is
> reasonable to require a valid power of attorney for each ballot"
> even where Rule 2019(c) only requires a power of attorney for
> each firm). Appellants' crabbed interpretation of Rule 2019(b) is
> at odds with purpose and text of Rule 2019 as a whole and the
> tenor of *Combustion Engineering*, each of which supports the
> extent of Judge Ferguson's Order.

*In re Congoleum*, 321 B.R. at 168.[2]

---

[2]     The Rule 2019 Order in *Congoleum* required counsel representing multiple clients to provide "a list and detailed explanation of any type of co-counsel, consultant or fee sharing relationships and arrangements whatsoever, in connection with this bankruptcy case," and required the "attachment of copies of any documents that were signed in conjunction with creating that relationship or arrangement." *In re Congoleum*, 321 B.R. at 166.

- 4 -

Both Appellees, *Baron and Budd, P.C.* and *Silber Pearlman LLP* are currently participating in the *Congoleum* Chapter 11 case, are subject to that court's Rule 2019 Order and participated in the *Congoleum* appeal before the District Court of New Jersey.  Despite their participation in that case, neither Appellee has revealed to this Court, or the bankruptcy court in this case, that a different federal court has already ordered them to file copies of the actual retention agreements and powers of attorney that Appellees assert are privileged.  Instead of informing this Court that the New Jersey District Court has already determined that the identities of their clients, the conditions of their employment and the terms of fee arrangements between them and their co-counsel are not privileged, s*ee In re Congoleum*, 321 B.R. at 168-169, Appellees repeatedly direct this Court's attention to non-binding precedent from factually distinguishable cases.  To the extent Appellees are not judicially estopped from asserting a position contrary to the *Congoleum* Court's holding, such holding which is based upon controlling Third Circuit law, constitutes a more persuasive precedent than either of the non-binding precedents submitted to this Court through Appellees' supplemental citations.

## CONCLUSION

For the reasons set forth above and in Century's Brief and Reply Brief, both of which are incorporated herein by reference, the Bankruptcy Court's 2019 Order must be reversed and this case remanded to the Bankruptcy Court for further proceedings.

WHITE AND WILLIAMS LLP

By:/s/ Linda M. Carmichael
    Christian J.  Singewald (No.  3542)
    Linda M.  Carmichael (No.  3570)
    Marc Casarino (No.  3613)
    824 N.  Market Street, Suite 902
    Wilmington, DE 19899-0709
    Phone:     302-467-4502
    Facsimile: 302-467-4552

DOCS_DE 117544v.1

–and–

WHITE AND WILLIAMS LLP
Richard M.  Shusterman, Esquire
(Member of Pennsylvania Bar)
Joseph G.  Gibbons, Esquire
(Member of Pennsylvania Bar)
1800 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: 215-864-7000
Facsimile: 215-864-7123

*Attorneys for Century Indemnity Company,
as successor to CCI Insurance Company, as
successor to Insurance Company of North
America and Central National Insurance
Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**In re**

**Owens Corning,** *et al.*

    Debtors

_____

| | | |
|---|---|---|
| Century Indemnity Company,: | : | |
|     Appellant, | : | Civil Action No.  04-1467 JFF |
|   v. | : | |
| | : | |
| Owens-Corning, *et al.*, | : | |
| | : | |
|     Appellees. | : | Bankruptcy Case 00-3837 |
| | : | **Regarding Docket Item 28** |

### <u>CERTIFICATE OF SERVICE</u>

   I, Linda M. Carmichael, Esquire, do hereby certify that a true and correct copy of the

**REPLY OF CENTURY INDEMNITY COMPANY TO CITATION OF ADDITIONAL**

**SUBSEQUENT AUTHORITY PURSUANT TO LOCAL RULE 7.2.1 (c) BY APPELLEES**

**BARON & BUDD, P.C. AND SILBER PEARLMAN, LLP** to be made on November 2, 2005

to the following parties on the attached service list via first class U.S. Mail.

               <u>*/s/ Linda M. Carmichael*   </u>
               Linda M. Carmichael (#3570)

Norman L. Pernick, Esquire
Saul Ewing LLP
222 Delaware Ave., #1200
Wilmington, DE  19899

Frank J. Perch, III
Office of the U.S. Trustee
844 King Street, Suite 2313
Wilmington, DE  19801

Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

David A. Klingler
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan Street – Suite 2200
Dallas, TX  75201

-2-