| | |
|---|---|
| Daniel K. Hogan (DE #2814) | Sander L. Esserman (TX Bar No. 06671500) |
| THE HOGAN FIRM | David A. Klingler (TX Bar No. 11574300) |
| 1311 Delaware Avenue | STUTZMAN, BROMBERG, ESSERMAN |
| Wilmington, Delaware 19806 | & PLIFKA, A Professional Corporation |
| Telephone: 302-656-7540 | 2323 Bryan Street, Suite 2200 |
| Facsimile: 302-656-7599 | Dallas, Texas 75201 |
| | Telephone : (214) 969-4900 |
| | Facsimile: (214) 969-4999 |

**COUNSEL FOR APPELLEES**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTURY INDEMNITY CO., as successor To CCI Insurance Co. as successor to Insurance Co. of North America and Central National Insurance Co., Appellant, <br><br> v. <br><br> BARON & BUDD, P.C., and SILBER PEARLMAN LLP, Appellees. | Civil Action <br><br> Docket No.: 04-CV-1467 <br><br> Judge: John P. Fullam |
| IN RE: <br><br>   OWENS CORNING, et al. <br><br>                                  Debtors. | Chapter 11 <br><br> Case Nos. 00-3837 – 3854 (JKF) <br> (Jointly Administered) |

Dated: November 4, 2005

### APPELLEES' OBJECTION TO APPELLANT'S ATTEMPT TO RAISE AN ISSUE THAT IT HAS ALREADY WAIVED FOR PURPOSES OF THIS APPEAL

The law firms of Baron & Budd, P.C. and Silber Pearlman, LLP (collectively, "<u>Appellees</u>"), counsel to various asbestos victims asserting personal injury claims against Debtors' estates, file this objection to the improper and irregular recent effort of Appellant Century Indemnity Company to raise an issue that it has already waived for purposes of this appeal. In connection therewith, Appellees would respectfully show the Court as follows:

1. On September 28, 2005, the law firms of Baron & Budd, P.C. and Silber Pearlman, LLP (collectively, "<u>Appellees</u>") filed a cursory citation of additional subsequent authority pursuant to Local Rule 7.1.2.(c) for the purpose of apprising this Court of United States District Judge Joy Flowers Conti's recent decision affirming another order substantively identical to the order at issue in this appeal.[1]  D.I. 28.

2. On November 2, 2005, Century Indemnity Company ("Appellant") filed a comparatively lengthy "reply" to Appellees' citation of additional subsequent authority. D.I. 31. Among other things, Appellant's "reply" cites *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee (In re Congoleum Corp.)*, 321 B.R. 147 (D.N.J. 2005) – a decision issued 10 months ago – to suggest that "requiring [Appellants] to file copies of actual signed retention agreements and powers of attorney" was appropriate in the underlying Owens-Corning bankruptcy.

4. The problem with this is that the bankruptcy court's 2019 Order on appeal here permitted the filing of exemplars in lieu of copies of actual signed retention agreements, and ***Appellant never asserted error as to this aspect of the bankruptcy court's decision.***  Appellant did not specify this ground of appeal in its statement of issues on appeal or subsequently raise

---

[1] Judge Conti's decision was rendered in *Certain Underwriters at Lloyd's, London v. Pittsburgh Corning Corp. (In re Pittsburgh Corning Corp.)*, Civil Action No. 04-1814, 2005 WL ------- (W.D. Pa., Sept. 27, 2005).[1]  A copy of the *Pittsburgh Corning* opinion, which is now the subject of a pending appeal, was attached to Appellants' filing.

this issue in the argument section of its brief on the merits.  Consequently, such issue, for purposes of this appeal, is waived.  *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993), *cert. denied*, 510 U.S. 1215 (1994) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.").[2]

Appellants respectfully ask that the Court disregard this and any other issue that Appellant has waived or that is not properly before the Court.

[Signature Block Appears on the Following Page]

---

[2]  In its merits brief, Appellant concedes the narrowness of its appeal:

> On October 22, 2004, Bankruptcy Judge Judith K. Fitzgerald entered an Order directing compliance with the Rule by requiring entities representing more than one creditor to submit a statement supplying certain basis information about the claimants ("2019 Statement").  This portion of the 2019 Order [which, not incidentally, permits the submission of exemplars of retention agreements] **is fully consistent with the law and should be affirmed.**

Appellant's Brief (D.I. 2) at 2 (emphasis added, footnote omitted).

Dated: November 4, 2005
Wilmington, Delaware

/s/ Daniel K. Hogan
Daniel K. Hogan (DE #2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302-656-7540
Facsimile: 302-656-7599

*and*

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A Professional Corporation**
Sander L. Esserman (TX Bar No. 06671500)
David A. Klingler (TX Bar No. 11574300)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone : (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR APPELLEES BARON & BUDD, P.C. AND SILBER PEARLMAN, LLP**